UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TAPPIN, ) | 1:05-cv-00190-OWW-TAG HC |
| ) | |
| Petitioner, ) | |
| ) | ORDER TO AMEND PETITION FOR WRIT |
| ) | OF HABEAS CORPUS (Doc. 1) |
| v. ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO SEND PETITIONER BLANK FORM |
| PEOPLE OF THE STATE OF ) | PETITION |
| CALIFORNIA, et al., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On February 3, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1). On February 10, 2005, the Court ordered a transfer to the Fresno Division of the Eastern District. (Doc. 3).

  The petition alleges that Petitioner was charged, not convicted, of two counts each of violation California Penal Code § 460(b)(burglary) and § 666 (petty theft with a prior). (Doc. 1, p. 1). As grounds, the petition alleges the following: (1) ineffective assistance of trial counsel for failing to raise incompetency as a defense; (2) ineffective assistance of counsel for not having his client's best interests at heart; (3) failure of the trial court to determine whether the mental

health evaluations performed on Petitioner were sufficient; and (4) ineffective assistance of trial counsel in providing Petitioner with false information.  (Id.).

In his petition, Petitioner has answered "not applicable" when asked whether he testified at trial, what he pleaded before trial, whether he had been convicted, and whether he had appealed.  It thus appears that, at the time of the filing of this petition, Petitioner had not yet been convicted of the criminal charges referred to above.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

A.  Exhaustion of State Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

///

///

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

A federal habeas corpus proceeding cannot substitute for state court appellate review. If Petitioner has not presented all of his claims to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Federal courts require exhaustion out of comity to the state court, and the requirement is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. Rose v. Lundy, 455 U.S. 509, 518

(1982); Buffalo v. Sun, 854 F.2d 1158, 1163 (9th Cir. 1988). The only exception to exhaustion is if the state provides no corrective process or if the state's process is so ineffective as to fail to protect the petitioner's rights under the circumstances. 28 U.S.C. § 2254(b)(1)(B).

The gravamen of the instant petition for writ of habeas corpus is that Petitioner was dissatisfied with his representation by the Public Defender, he requested a hearing to have his attorney removed, the trial court granted his request and a new attorney was appointed; however, the new attorney made strategic decisions regarding the defenses he would raise with which Petitioner did not agree. (Doc. 1). From his petition, it seems reasonably clear that Petitioner has not presented any of these issues to the California Supreme Court. Indeed, it does not appear that, at the time of filing, Petitioner had even been convicted or sentenced. The instant Petition therefore appears to be effectively an interlocutory appeal from certain pre-trial decisions of the Kern County Superior Court.

Although it appears that Petitioner has not exhausted any of his claims for relief, Petitioner may have information to the contrary. Thus, the Court will permit Petitioner an opportunity to amend the petition to provide information establishing that he has presented each of his grounds for relief to the California Supreme Court.

B. Failure to State Cognizable Federal Claims.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Federal habeas review is limited to claims that are set out as described above.

In this case, it does not appear that Ground Three raises a federal issue. In Ground Three, Petitioner claims that the trial court failed to ensure that a sufficiently thorough competency examination was conducted regarding Petitioner's mental state to stand trial. However, although such a claim may raise an issue regarding state law, Petitioner does not explain the legal basis in *federal law* that underlies Ground Three. Without more, this Court cannot determine that Ground Three meets the requirement of raising a cognizable federal habeas issue.[1]

   C. Naming the Proper Respondent.

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360. When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner asserts that he is incarcerated at the Lerdo Detention Facility, in

---

[1] The Court also notes that Grounds One, Two, and Four all raise ineffective assistance of trial counsel, yet it is unclear that the grounds are not repetitive. Indeed, they appear to re-argue the same concern, i.e., that trial counsel failed to properly raise competency as a defense at trial. Should Petitioner choose to file an amended complaint with exhausted claims, he should draft his grounds for relief to state separate and distinct, rather than repetitive, cognizable federal grounds for relief.

Bakersfield, California. The individual in charge of that facility is Mack Wimbish, Sheriff of Kern County. "United States District Court Eastern District of California" and "Superior Court of the State of California County of Kern" are not the <u>warden</u> or individual in charge of the institution where Petitioner is confined, and thus are not the persons having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner. See, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

**ORDER**

Accordingly, it is HEREBY ORDERED:

1) Petitioner SHALL Amend the Petition to name the proper respondent and to provide sufficient details concerning his convictions so that the Court can determine whether or not he has exhausted all of his grounds for relief by presenting them to the California Supreme Court. Petitioner is also cautioned that all grounds for relief must raise cognizable federal claims. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

///
///
///
///

2) The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   August 23, 2005**            /s/ Theresa A. Goldner
j6eb3d                                                   UNITED STATES MAGISTRATE JUDGE