# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WATKINS TAPPIN, II, | 1:05-cv-00190-OWW-TAG HC |
| Petitioner, | |
| v. | ORDER TO AMEND PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| UNITED STATES DISTRICT COURT et al., | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| Respondents. | ORDER WITHDRAWING REPORT AND RECOMMENDATION OF JULY 19, 2006 (Doc. 20) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 3, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Sacramento Division. (Doc. 1). On February 10, 2005, the Court ordered an interdistrict transfer to the Fresno Division of the Eastern District. (Doc. 3).

The original petition alleged that Petitioner had been charged, not convicted, of two counts each of violation California Penal Code § 460(b)(burglary) and § 666 (petty theft with a prior). (Doc. 1, p. 1). As grounds, the petition alleged the following: (1) ineffective assistance of trial counsel for failing to raise incompetency as a defense; (2) ineffective assistance of counsel for not having his client's best interests at heart; (3) failure of the trial court to determine whether the mental health evaluations performed on Petitioner were sufficient; and (4) ineffective assistance of trial counsel in providing Petitioner with false information. (Id.).

In his original petition, Petitioner answered "not applicable" when asked whether he testified

at trial, what he pleaded before trial, whether he had been convicted, and whether he had appealed. It thus appeared that, at the time of the filing of the original petition, Petitioner had not even been convicted of the criminal charges referred to above.

On August 24, 2005, the Court issued an order that Petitioner file an amended Petition addressing whether the claims raised in the original petition had been fully exhausted by being presented to the California Supreme Court. (Doc. 15). Petitioner failed to timely file his amended petition, and, on July 19, 2006, the Court issued a Report and Recommendation to dismiss the action because of Petitioner's failure to comply with the Court's order of August 24, 2005. (Doc. 20). On August 22, 2006, Petitioner sent to the Court what he captioned as an "Amended Complaint" for his habeas petition. (Doc. 21). This document, however, was not an amended petition and was not presented on the standard habeas corpus form; rather, it was a ten-page legal discussion of various topics, to which Petitioner had attached a copy of the original petition. After reviewing this document, the Court has been unable to discern what, if any, claims Petitioner is seeking to raise by way of amendment in the lodged document.

At the same time, the Court has independently determined, by consulting the electronic docket of the California Court of Appeal, Fifth Appellate District, that during this period of time, Petitioner's direct appeal has concluded. It appears that the Notice of Appeal was filed in the California Court of Appeals for the Fifth Appellate District ("5th DCA") on September 9, 2005, and Petitioner's Petition for Review was denied in the California Supreme Court on October 2, 2006. Thus, ironically, through the delays engendered by Petitioner's own failure to respond to the Court's order, it seems that any issues he raised in his direct appeal may now be fully exhausted in state court.

However, his original petition is the operative pleading since the "Amended Complaint" was lodged but never filed. The original petition raises grounds that were filed before Petitioner was convicted. The Court cannot ascertain from the documents before it whether the issues raised in the original petition are identical to the issues exhausted in Petitioner's direct appeal. Therefore, the Court will afford Petitioner one last opportunity to amend his petition to include <u>only</u> those claims that have been <u>fully exhausted</u>. Petitioner will be instructed to file the amended petition on a form

provided by the Court, and that he should name the proper Respondent.

## DISCUSSION

A. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

A federal habeas corpus proceeding cannot substitute for state court appellate review. If Petitioner has not presented all of his claims to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  Federal courts require exhaustion out of comity to the state court, and the requirement is designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sun, 854 F.2d 1158, 1163 (9th Cir. 1988).  The only exception to exhaustion is if the state provides no corrective process or if the state's process is so ineffective as to fail to protect the petitioner's rights under the circumstances.  28 U.S.C. § 2254(b)(1)(B).

The gravamen of the instant petition for writ of habeas corpus is that Petitioner was dissatisfied with his representation by the Kern County Public Defender, he requested a hearing to have his attorney removed, the trial court granted his request and a new attorney was appointed; however, the new attorney made strategic decisions regarding the defenses he would raise with which Petitioner did not agree.  (Doc. 1).

As discussed above, it seems reasonably clear that, at the time of the filing of the original petition, Petitioner had not presented any of these issues to the California Supreme Court.  Indeed, it does not appear that, at the time of filing, Petitioner had even been convicted or sentenced.  However, the Court's own perusal of the Fifth District's docket strongly suggests that Petitioner's

direct appeal of his conviction is now final and therefore any issues raised in Petitioner's direct appeal in state court have been fully exhausted.

The question that remains is whether the issues raised in the original petition are identical to the issues exhausted in the direct appeal. The Court cannot determine that from the original petition alone. Therefore, to resolve this confusion, Petitioner is ordered to file an amended petition clearly stating all grounds for relief that have been fully exhausted in state court.

B. Naming the Proper Respondent

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360. When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner's present place of incarceration appears to be Wasco State Prison, Wasco California. The current warden in charge of that facility is P. L. Vazquez. The "United States District Court Eastern District of California" and "Superior Court of the State of California County of Kern" are not the warden or individual in charge of the institution where Petitioner is confined, and thus are not the persons having day-to-day control over Petitioner. Accordingly, these entities are not proper Respondents.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over Petitioner, i.e., P. L. Vazquez or her successor. See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner's failure to name his custodian

as a respondent deprives this Court of personal jurisdiction to consider his petition. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1) Petitioner SHALL file an Amended Petition on a form provided by the Clerk of the Court within thirty (30) days of the date of service of this order.  In the Amended Petition, **Petitioner must name the proper respondent** and **provide sufficient details concerning the claims** he is raising and the basis for his conviction so that the Court can determine whether or not he has exhausted all of his grounds for relief by presenting them to the California Supreme Court.  Petitioner is also cautioned that **all grounds for relief must raise cognizable <u>federal</u> claims,** not merely issues of state law.  The amended petition should be written or typed **on the form provided by the Court** and should be clearly and boldly titled "**AMENDED PETITION**," contain the **appropriate case number**, and be an **original signed under penalty of perjury**. Petitioner is advised that the **form petition must set forth all claims for relief**, including the facts and arguments in support of those claims.  Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is **complete in itself** without reference to the prior or superseded pleading.  Local Rule 15-220.

2) The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254;

3) The Report and Recommendation of July 19, 2006 (Doc. 20), is WITHDRAWN.

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 8, 2007**                                         /s/ Theresa A. Goldner
**j6eb3d**                                                                    UNITED STATES MAGISTRATE JUDGE