# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WATKINS TAPPIN, II,        )<br>                                          )<br>             Petitioner,               )<br>                                          )<br>      v.                                 )<br>                                          )<br>UNITED STATES DISTRICT COURT,  )<br>                                          )<br>             Respondent.             )<br>_____ ) | 1:05-cv-00190-TAG HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS (Doc. 29)<br><br>ORDER DISMISSING AMENDED<br>PETITION (Doc. 24)<br><br>ORDER DENYING MOTION TO STAY<br>(Doc. 33)<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The original petition was filed on February 3, 2005. (Doc. 1). On August 24, 2005, Petitioner was ordered by this Court to file an amended petition naming the proper respondent. (Doc. 15). On October 6, 2005, the order was re-served, apparently in response to a change of address by Petitioner. (Doc. 18). Petitioner failed to respond to the Court's order to amend, and on December 12, 2005, the Court issued a second order to amend the petition. (Doc. 19). When Petitioner failed to respond in any way to the Court's orders, the Court issued Findings and Recommendations to dismiss the petition for failure to prosecute on July 19, 2006. (Doc. 20). On August 22, 2006, Petitioner attempted to file an amended petition which was not on the form authorized by the Court; accordingly, the document was not filed by the Clerk of the Court but instead was lodged on direction of this Court. (Doc. 21). On March 9, 2007, the Court withdrew

1

the Findings and Recommendations to dismiss the petition, and gave Petitioner thirty days to file an amended petition on the proper form. (Doc. 23). On April 9, 2007, Petitioner filed the instant amended petition. (Doc. 24).

On November 19, 2007, the Court ordered Respondent to file a response. (Doc. 25). On January 10, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claims were not fully exhausted in state court. (Doc. 29). On February 7, 2008, Petitioner filed a motion to stay proceedings in order to exhaust unexhausted claims. (Doc. 33). However, to date, Petitioner has filed no opposition to the instant motion to dismiss.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner has never presented any of his claims to the California Supreme Court. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

///

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S.Ct. 1479 (2000).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).

3

> Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d at 668-669 (italics added).

Respondent has lodged documents with the Court that establish that on June 22, 2005, Petitioner was convicted in the Superior Court for the County of Kern of two counts of second degree burglary, and on August 12, 2005, Petitioner was sentenced to a term of seven years, four months in prison. (Lodged Document ("LD") 5 139, 159, 173-174, 185). Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which, on July 25, 2006, in an unpublished decision, affirmed the judgment of conviction. (LD 2). On August 25, 2006, Petitioner filed a pro se petition for review in the California Supreme Court, which was denied on September 27, 2006. (LD 3). As mentioned previously, on February 3, 2005, Petitioner filed his original petition in this case (Doc. 1), and filed the instant amended petition on April 9, 2007. (Doc. 24).

Respondent contends that none of the claims in the amended petition have been exhausted. Respondent argues that Petitioner's petition for review in the California Supreme Court raised the sole issue of ineffective assistance of appellate counsel. (Doc. 29, p. 2). However, Respondent reasons, none of the claims in the amended petition allege ineffective assistance of appellate counsel. (Id. at p. 3). Therefore, Respondent concludes that none of the claims in the amended petition are exhausted.

The Court disagrees, however, with Respondent's conclusion that none of the claims in the amended petition allege ineffective assistance of appellate counsel; however, because the Court concludes that the claim of ineffective assistance of appellate counsel was not "fairly presented" to the California Supreme Court, the Court ultimately reaches the same conclusion as Respondent, i.e., that the claim of ineffective assistance of appellate counsel has not been exhausted. Since there is no

question that the remaining claims in the instant amended petition have not been exhausted, the amended petition contains no claims that have been exhausted, and therefore it must be dismissed.

In the amended petition, Petitioner alleges the following four grounds for relief: (1) denial of effective assistance of counsel, denial of due process, and error by the court in prejudicially failing to make an adequate inquiry as to Petitioner's claim of inadequate representation; (2) failure by the trial court to elicit and fully consider Petitioner's argument that he received ineffective assistance; (3) unspecified violations of the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments; and (4) error by the trial court in denying Petitioner's motion to have new trial counsel. (Doc. 24, pp. 5-6). In concluding that Petitioner has not alleged ineffective assistance of appellate counsel, Respondent apparently construes quite narrowly Ground One's claim of "effective assistance of counsel" as referring only to trial counsel.

However, in a legal brief attached to the form petition, Petitioner makes a number of generalized allegations regarding ineffective assistance by his attorney or attorneys. Petitioner contends that "[t]here are several issues which accrued and that the material facts were not adequately presented or developed at the Appellate (or Superior Court) level, the merits of the factual disputes were not resolved in the ends of justice, especially since Appellate counsel never submitted all relevant issues to the Court, the court not reviewing the "record" appropriately, thus the fact-finding procedure employed by the Appellate proceedings were not adequate to afford a full and fair hearing." (Doc. 24, pp. 1-2)(Emphasis supplied). Moreover, Petitioner "was groping for the proper manner in which to demonstrate the alleged incompetence of counsel and court's decision's in both Appellate and Superior Court...." (Id. at p. 6)(Emphasis supplied). And again, Petitioner alleges, "[T]his court should conclude, that the petitioner was unable at the time of his trial/Appellate to consult with his attorney's with a reasonable degree of understanding and assist in the preparation of his defense." (Id. at p. 7)(Emphasis supplied). Finally, the remove any doubt at all, Petitioner maintains that "appellate counsel deliberatel[y] violated his 6th Amendment rights under the Constitution, and Bill of Rights." (Id. at p. 9)(Emphasis supplied).

///

///

From the foregoing, it is patent that Petitioner's first claim of ineffective assistance of counsel refers, at least in part, to the performance of his appellate counsel.  Since Respondent acknowledges that the petition for review challenged the ineffectiveness of Petitioner's appellate counsel, the Court can only conclude that in both instances Petitioner was seeking to present a claim of ineffective assistance of appellate counsel.  Thus, the issue directly presented in Respondent's motion is whether Petitioner was successful in that endeavor.  The Court concludes that he was not.

As mentioned, to satisfy the exhaustion requirement, "a habeas petitioner must fairly present to the state courts the substance of his federal habeas corpus claim.  Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276 (1982).  A claim is fairly presented when the petitioner has given the California Supreme Court a fair opportunity to rule on the merits of each issue raised in his federal habeas petition.  Granberry v. Greer, 481 U.S. 129, 133-143, 107 S.Ct. 1671 (1987); see also Anderson, 459 U.S. at  6 (a claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which the claim is based ).  Mere references to "the ineffective assistance of counsel" are not sufficient to put the court on notice that a petition is raising a federal claim as opposed to a state claim.  Chavez v. Bayer, 243 F.3d 547 (9th Cir. 2000)(unpublished).   A claim is considered "fairly presented" only if the petitioner "present[s] the state courts with the same claim he urges upon the federal courts," Picard, 404 U.S. at 275-276.  The mere similarity of claims is insufficient to exhaust.  Duncan, 513 U.S. at 366 (citing Picard, 404 U.S. at 276).

Here, Petitioner did not provide the California Supreme Court with any specific allegations of ineffective assistance of appellate counsel.  Rather, Petitioner made generalized and vague allegations regarding his appellate attorney's ineffectiveness.  For example, Petitioner contended that his appellate counsel exhibited "blantant [sic] disregard" for Petitioner's rights (LD 3, p. 1); that the issues raised by appellate counsel were not raised effectively throughout the appellate proceedings (id. at p. 2); that appellate counsel did not "act with in his client's rights or befits [sic] or his wishes, thereby, not raising the many eligible issues" and concentrating "on only a single issue exclusively" (id.); and that appellate counsel refused "to file the necessary petitions to this court as well and denies the avenues of his client the opportunity that is required to exhaused [sic] his remedies appropriately."  (Id.).

As can be readily observed from the foregoing allegations, Petitioner has provided no specific examples or instances of ineffective assistance on appeal. Rather, he has simply relied on generalized claims and vague references to deficient representation. Petitioner claims that his appellate attorney failed to present certain claims, but Petitioner never identifies for the California Supreme Court <u>which</u> claims his appellate attorney failed to present that <u>would</u> have been presented by competent appellate counsel. At another juncture, Petitioner contends that appellate counsel stopped representing him, presumably once the 5th DCA had issued its opinion and the direct appeal had concluded. However, again, Petitioner did not allege any specific actions that competent counsel would have undertaken on Petitioner's behalf that his appellate attorney did not. In sum, Petitioner provided the California Supreme Court with no specific instances of ineffective assistance on which the high court could determine whether granting review was appropriate.

Similarly, here, the amended petition is essentially devoid of any specific instances of ineffective assistance. Relying on the same generalized and vague allegations he previously made in his Petition for Review, Petitioner merely contends that several issues were never presented to the appellate court and that appellate counsel denied Petitioner his constitutional right to counsel. (Doc. 24, pp. 1-2, 6-7).

Given these circumstances, it would be impossible for this Court to compare the allegations of ineffective assistance in the petition for review filed in the California Supreme Court with those in the amended petition filed in this Court, in order to determine whether the same claims of ineffective assistance of appellate counsel were fully exhausted in state court because Petitioner has given neither court any specific instances of misconduct upon which to make such a determination. It is Petitioner's responsibility to "fairly present" the issue in the state court. He did not do so. Accordingly, the Court concludes that the issue of ineffective assistance of appellate counsel has not been exhausted.

To the extent that the other three claims in the amended petition are variations of Petitioner's claim of ineffective assistance of appellate counsel, they are similarly unexhausted. To the extent that the other three claims seek to raise issues other than ineffective assistance of appellate counsel, e.g., ineffective assistance of trial counsel, then they are obviously unexhausted because ineffective

7

assistance of appellate counsel was the only issue which Petitioner sought to exhaust in the California Supreme Court.

Thus, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose, 455 U.S. at 521-522; Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss will be granted and the petition will be dismissed for lack of exhaustion.

C.  Failure to State a Federal Claim.

Even were the foregoing not true, a second reason requires dismissal of the amended petition, i.e., Petitioner's failure to plead with specificity any federal constitutional violation. As discussed in the previous section, the amended petition, despite its augmentation with an eleven-page legal discussion, merely alleges generalized violations of Petitioner's constitutional rights by trial and appellate counsel and the state courts. At no point does Petitioner identify specific actions by the state courts or specific conduct by trial or appellate counsel that would suggest that Petitioner's federal constitutional rights were violated.

It also bears emphasis that Petitioner was afforded several opportunities over the course of the last two years to amend his petition to properly state federal violations. In the Court's original order of August 24, 2005, the Court expressly identified advised Petitioner that his original petition appeared to be completely unexhausted and that Ground Three of that petition failed to state a federal claim. (Doc. 15). Then again, on March 9, 2007, the Court ordered Petitioner to file an amended petition, pointing out once more that the claims appeared unexhausted and that, in any amended petition filed by Petitioner, "all grounds for relief must raise cognizable federal claims...." (Doc. 23, p. 6).

///

///

Despite these warnings and opportunities to remedy prior defects, Petitioner's amended petition contains only the generalized claims of constitutional wrongs discussed above. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Notice pleading is insufficient; Petitioner must state sufficient facts. Blackledge v. Allison ,431 U.S. 63, 75, n. 7, 97 S. Ct. 1621 (1977). Petitioner must also state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-492; Wacht v. Cardwell, 604 F.2d 1245, 1246-1247 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases explicitly requires that a petitioner summarize the facts supporting each alleged ground for relief:

> [The petition] *shall specify* all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth *in summary form* the facts supporting each of the grounds thus specified. It shall also state the relief requested. The petition shall be *typewritten or legibly handwritten* and shall be signed under penalty of perjury by the petitioner. (Emphasis added.)

Rule 2(c), 28 U.S.C. foll. § 2254.

Moreover, Rule 4 of the Rules Governing Section 2254 Cases explicitly allows the district court to dismiss summarily a habeas petition when no claim for relief is stated. See O'Bremski, 915 F.2d at 420.

This Court has afforded Petitioner multiple opportunities to remedy his defective pleadings. He has repeatedly failed to do so. It is not the province of a federal habeas court to conduct an independent review of Petitioner's state court proceedings to determine what federal claims Petitioner seeks to raise; the responsibility to assert a claim for relief unquestionably belongs to the petitioner. See Adams v. Armontrout, 897 F.2d 332,333 (8th Cir. 1990) ("We do not believe that 28 U.S.C. § 2254 or the Section 2254 Rules require the federal courts to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief."); Bernier v. Moore, 441 F.2d 395, 396 (1st Cir.1971) ("Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings."); Williams v. Kullman, 722 F.2d 1048, 1051 (2d Cir.1983)

("Despite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case.").

Thus, the same lack of specificity that leads the Court to conclude that Petitioner did not "fairly present" his issues to the California Supreme Court also leads to the conclusion that Petitioner has failed to state a federal claim in these habeas proceedings. See James, 24 F.3d at 26. ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." ); Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir.1995) (holding that conclusory allegations made with no reference to the record or any document do not merit habeas relief); Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir.1970) (Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.); Campbell v. Wood 18 F.3d 662, 679 (9th Cir.1994) (citing Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970) ("An evidentiary hearing is not required on allegations that are "conclusory and wholly devoid of specifics.")).

Accordingly, both for lack of exhaustion and failure to state a federal claim, the Court concludes that Respondent's motion to dismiss should be granted and that the amended petition should be dismissed.

D.  Motion for Stay of Proceedings.

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt, 105 F.3d at 1274.  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003)(amended); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2001);

10

Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Lundy, 455 U.S. 509. However, in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court recognized that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Unlike Rhines, however, this case does not involve a mixed petition. As discussed previously, none of the claims in the amended petition have been exhausted. The Court *must* dismiss a completely unexhausted petition. Rose, 455 U.S. at 521-522; Calderon, 107 F.3d at 760. This is true for the practical reason that, unlike a mixed petition wherein a petitioner may withdraw the unexhausted claims, stay proceedings, exhaust his unexhausted claims, and then amend the stayed petition to include the newly exhausted claims before the case proceeds, in a petition such as the instant amended petition that is completely unexhausted, if the unexhausted claims were withdrawn, there would be no petition left to stay. Obviously, the Court cannot stay a petition that contains no claims. Therefore, Petitioner's motion to stay must be denied.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 2244(d).

11

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss (Doc. 29), is GRANTED;
2. Petitioner's motion for stay of proceedings (Doc. 33), is DENIED;
3. The amended petition for writ of habeas corpus (Doc. 24), is DISMISSED; and
4. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: **March 10, 2008**  /s/ Theresa A. Goldner
UNITED STATES MAGISTRATE JUDGE